# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:05CV146-V

| | |
|---|---|
| JEAN A.R. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MS. DIANE CURETON, and ) | |
| CHEMICAL DEPENDENCY CENTER ) | |
| OF CHARLOTTE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motions for Stay and Court Appointed Attorney" (document #7) filed May 20, 2005, in which the Plaintiff requests that she be appointed counsel at government expense in this civil action and that this matter be stayed pending the Court's determination of whether she is entitled to court-appointed counsel.

The Plaintiff's motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and are now ripe for determination.

On April 5, 2005, the Plaintiff filed her pro se Complaint against the Chemical Dependency Center of Charlotte ("the CDC"), a local substance abuse counseling center, and Diane Cureton, who apparently was the Plaintiff's counselor at the CDC. The Plaintiff alleges that after she was referred by the Mecklenburg County Department of Social Services to the CDC for treatment of alcohol abuse, Ms. Cureton "was condescending, derogatory, and acted as though [Ms. Cureton] had complete authority over [the Plaintiff]." "Complaint" at 2 (document #2). The Plaintiff further contends that as a result of Ms. Cureton's alleged failure to properly treat her alcoholism and other

conditions, Plaintiff is entitled to recover more than $5 million in damages under the Americans with Disabilities Act ("the ADA") 42 U.S.C. § 12112, et. seq., as well as state law.

The Plaintiff cites no authority in support of her request for court-appointed counsel. Moreover, the undersigned is not aware of any case law, statute, Federal Rule of Civil Procedure, or Local Rule allowing the appointment of counsel in a civil case such as the one brought by the Plaintiff. Accordingly, the Plaintiff's motions will be denied.

**IT IS THEREFORE ORDERED THAT:**

1. The Plaintiff's "Motions for Stay and Court Appointed Attorney" (document #7) are **DENIED**.

2. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

**Signed: May 23, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge