# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:05CV146-W

| | |
|---|---|
| JEAN A.R. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| ) | |
| MS. DIANE CURETON, and ) | |
| CHEMICAL DEPENDENCY ) | |
| CENTER OF CHARLOTTE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss Under Rule 25 ..." (document #27) filed August 28, 2006.

The Defendants' motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2005, the Plaintiff filed her pro se Complaint against the Defendants Chemical Dependency Center of Charlotte ("the CDC"), a local substance abuse counseling center, and Diane Cureton, who was the Plaintiff's counselor at the CDC, alleging claims under the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12112, Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d ("Title VI"), the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Privacy Rules stated in 45 C.F.R. § 160 et. seq.. Specifically, the Plaintiff contended that after she was referred by the

Mecklenburg County Department of Social Services ("DSS"), which was investigating allegations that the Plaintiff had abused and/or neglected her three minor children, to the CDC for treatment, the Defendants discriminated against her on the basis of her alleged disability, that is, alcoholism, and also failed to maintain the privacy of her medical records and other confidential information.

On August 1, 2005, the Defendants filed their first Motion to Dismiss, alleging as the sole grounds in support of their motion that the Plaintiff "failed to plead her claim with sufficient clarity by the use of numbered paragraphs." "Memorandum in Support ..." at 2 (document #14).

On August 31, 2005, the undersigned recommended to the District Judge to whom this case was then assigned (the Honorable Robert J. Conrad, Jr.) that the Defendants' Motion be denied. See "Memorandum and Recommendation" at 3 (document# 21) ("in light of the latitude that the Court is required to extend to the untutored and inartful pleading of pro se parties, the Complaint is sufficient to survive a dispositive motion at this point in the proceedings").

On May 10, 2006, Ms. Adams and two of her children were killed in an automobile accident in Middlebury, Indiana.

On May 23, 2006, defense counsel notified the Court of the tragedy through the filing of an Affidavit, which began the 90-day period, as provided by Fed. R. Civ. P. 25 discussed below, for the Plaintiff's legal representative to file a motion to substitute parties.

On July 7, 2006, this case was re-assigned to the Honorable Frank D. Whitney. On July 26, 2006, Judge Whitney adopted the undersigned's recommendation and denied the Defendants' first Motion to Dismiss. See "Order" (document #26).

On August 28, 2006, and no motion to substitute parties having been filed, the Defendants filed their Motion to Dismiss pursuant to Rule 25.

Chambers' staff has spoken telephonically with Charles H. Cuthbert, Jr., an attorney

2

practicing in Petersburg, Virginia, who has "had discussions" with members of Ms. Adams' family and who has been retained by the "family spokesman" to represent them in a wrongful death proceeding. Mr. Cuthbert informs the Court, however, that Ms. Adams did not leave a will and that no one has yet qualified as administrator of her estate, although Ms. Adams' sister, Linda J. Adams, and brother, Thomas J. Adams, have recently applied in state court to serve as co-administrators.

## II. DISCUSSION OF CLAIMS

Rule 25 of the Federal Rules of Civil Procedure provides in relevant part:

> If a party dies ... the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party .... <u>Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death... the action shall be dismissed as to the deceased party</u>.

Fed. R. Civ. P. 25(a)(1) (emphasis added). <u>Accord</u> <u>Hofheimer v. McIntee</u>, 179 F.2d 789, 791 (7th Cir.) (where rule provided that if motion for substitution is not made within prescribed period, court "shall" dismiss action as to deceased party, court was required to dismiss action in which no timely application for substitution was made), <u>cert. denied</u>, 340 U.S. 817 (1950); <u>Escareno v. Noltina Crucible and Refractory Corp.</u>, 172 F.R.D. 517, 521 (N.D. Ga. 1994) (dismissal of personal injury action for failure to substitute proper party "not unduly harsh"); <u>and</u> <u>Patrick v. Sharon Steel Corp.</u>, 549 F.Supp. 1259, 1268 (N.D.W.Va. 1982) (where no motion for substitution was filed within 90 days after death of one of the plaintiffs in suit by various plaintiffs against steel corporation alleging harmful air pollution, complaint as to deceased plaintiff dismissed).

Applying these principles, where no motion to substitute parties has been filed and the time for doing so has expired, the undersigned must respectfully recommend that the Defendants' Motion to Dismiss be <u>granted</u>. The Court will, however, direct the Clerk to serve copies of this

Memorandum and Recommendation upon Ms. Adams' prospective co-administrators, as well as Mr. Cuthbert, in order to afford them every opportunity to inform the Court of any circumstances that might justify re-opening the period for substituting a proper Plaintiff.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss Under Rule 25 ..." (document #27) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to defense counsel; to the Honorable Frank D. Whitney; and to the following individuals:

Charles H. Cuthbert, Jr.
Attorney at Law
220 N. Sycamore Street
Petersburg, Virginia 23803

Linda J. Adams
45 Dalton Court
Roanoke Rapids, North Carolina 27870

Thomas J. Adams
2750 Fish Road
Emporia, Virginia 23847

**SO RECOMMENDED AND ORDERED.**

Signed: August 29, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge